note, whereby he promised to pay him the sum of 22l. 10s. 0d. on the 1st of January then next, and if not then paid he was to pay 25l. Upon this sealed note an action of *debt* was brought to recover the sum of 22l 10s. 0d. mentioned in the note. The defendant pleaded *payment at the day*, and *nil debet*. The plaintiff demurred to the first plea; and the county court ruled the demurrer good, and gave judgment for the plaintiff for the said sum of 22l. 10s. 0d. current money debt, 2l. 12s. 10d. current money damages, and 462 lbs. of tobacco, costs. To reverse which judgment the present writ of error was brought.

The General Court *reversed* the judgment of the County Court.

*Mason* and *Shaaff*, for the plaintiff in error.

*Hughes*, for the defendant in error.

Oct. 1799.

Williams
vs.
Creemer.

## GENERAL COURT, OCTOBER TERM, 1799.

### Newman vs. Morris.

Appeal from Charles county court. It was an action of *assumpsit* brought by the appellant, and the declaration had a count for *sundry articles*, &c. and another count for a quantity of *cheese sold and delivered*, with a *quantum velebat*. The general issue was pleaded.

The defendant in the court below, (the present appellee,) at the trial, moved the court to direct the jury, that if they should be of opinion that the defendant contracted with the plaintiff for the purchase of 400 lbs. of cheese, at the price of a quarter of a dollar per pound, the cheese to be delivered and paid for thereafter, and that the plaintiff then had the cheese in his possession, about two miles from Port Tobacco, where the contract was made, and where the cheese was to be delivered, that the defendant is not bound by the said contract, unless he the defendant accepted part of the said cheese, and actually received the same, or gave something in earnest to bind the bargain, or in part of the payment; or some note or memorandum in writing of the said bargain was made and signed by the said parties. or their agents lawfully authorised. The plaintiff objected, and contended that the said contract was an executory contract, and not within the meaning or spirit of the statute of *frauds and perjuries*, passed in the 29th year of *Charles the second*, entitled, "An act for prevention of frauds and perjuries;" and that the same was valid and binding in law. But the county court [*Stone*, Ch. J.] was of a dif-

Oct. 1799.

Newman
vs.
Morris.

ferent opinion, and gave the directions to the jury as prayed for. The plaintiff excepted, and, the verdict being for the defendant, the plaintiff prosecuted this appeal.

*T. Buchanan,* for the appellant.

*Kilty* and *W. Dorsey,* for the appellee, who cited 2 *H. Blk. Rep.* "A. and B. enter into a verbal agreement for the sale of goods to be delivered to A. at a future period; there is neither earnest paid, a note or memorandum in writing signed, nor any part of the goods delivered; this contract is void, being within the *statute of frauds,* though it is executory, and though it has been admitted by B. in his answer to a bill filed in chancery by A."

THE GENERAL COURT *affirmed* the judgment of the County Court.

## GENERAL COURT, OCTOBER TERM, 1799.

### THE STATE *vs.* DAVID STEWART.

ASSUMPSIT for money had and received. The action was entered at the time it was brought, " at the instance and for the use of *William Hall,* 3d, and others, commissioners for building a new prison in the city of Annapolis;" but at the trial of the cause this entry was stricken out by the counsel for the plaintiff.

The counsel for the plaintiff, at the trial, offered evidence to the jury to prove, that the defendant was, at an adjourned court held in November 1787, in and for Anne-Arundel county, appointed, by the justices there met to assess the county charges, collector of the said county charges according to law, and that he accepted the said office of collector, but did not execute a bond as the law required; and that in the list of sums delivered to him by the said court to collect, there was the sum of 500*l.* current money, being part of the sum directed to be collected and paid *for the purpose of building a prison in the city of Annapolis,* under the act of assembly passed at November session 1785, *ch. 73;* and that the defendant solicited and obtained from the justices of the court met to assess the county charges in the year 1788, an allowance for insolvents due to him as collector of the said charges for the preceding year. The defendant, by his counsel, prayed the court to direct the jury, that on the said evidence, as offered, the present action could not be maintained.